O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 8:15-CV-01374 (VEB)

THOMAS DIPIETRO

                    Plaintiff,                DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

## I. INTRODUCTION

In May of 2013, Plaintiff Thomas Dipietro applied for Child's Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Charles & Harry Binder, LLP, James Sung Pi, Esq., of

counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8, 15). On April 4, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 17).

## II. BACKGROUND

Plaintiff applied for benefits on May 24, 2013, alleging disability beginning October 24, 1988, his date of birth. (T at 152-61).[1]  The applications were denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").   On November 19, 2013, a hearing was held before ALJ John Kays. (T at 39).  Plaintiff appeared with his attorney and testified. (T at 43-58).   The ALJ also received testimony from Kristen Cicero, a vocational expert. (T at 59-60).

On January 27, 2014, the ALJ issued a written decision denying the applications for benefits.   (T at 20-38).   The ALJ's decision became the Commissioner's final decision on July 1, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

On August 28, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on January 15, 2016. (Docket No. 10). Plaintiff filed a supporting memorandum of law on February 16, 2016. (Docket No. 12). The Commissioner filed an opposition memorandum of law on March 15, 2016. (Docket No. 13) Plaintiff filed a Reply on March 30, 2016. (Docket No. 14).

After reviewing the pleadings, the memoranda of law, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for calculation of benefits.

## III. DISCUSSION

### A.      Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

1 considering his or her age, education and work experiences, engage in any other

2 substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

3 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

4 vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

5       The Commissioner has established a five-step sequential evaluation process

6 for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

7 one determines if the person is engaged in substantial gainful activities. If so,

8 benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

9 decision maker proceeds to step two, which determines whether the claimant has a

10 medially severe impairment or combination of impairments. 20 C.F.R. §§

11 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

12       If the claimant does not have a severe impairment or combination of

13 impairments, the disability claim is denied. If the impairment is severe, the

14 evaluation proceeds to the third step, which compares the claimant's impairment(s)

15 with a number of listed impairments acknowledged by the Commissioner to be so

16 severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

17 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

18 equals one of the listed impairments, the claimant is conclusively presumed to be

19 disabled. If the impairment is not one conclusively presumed to be disabling, the

20

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

1    Because Plaintiff is over 18 years old and seeks child's benefits under the

2    Social Security Act, he must also establish that his disability began before he

3    attained the age of 22. *See* 20 CFR § 404.350 (a)(5).

4    **B.    Standard of Review**

5    Congress has provided a limited scope of judicial review of a Commissioner's

6    decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

7    made through an ALJ, when the determination is not based on legal error and is

8    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

9    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

10   "The [Commissioner's] determination that a plaintiff is not disabled will be

11   upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

12   *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

13   evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

14   n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

15   599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

16   reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

17   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

18   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

19   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

20

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

1  the Court considers the record as a whole, not just the evidence supporting the

2  decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

3  1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

4       It is the role of the Commissioner, not this Court, to resolve conflicts in

5  evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

6  interpretation, the Court may not substitute its judgment for that of the

7  Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

8  Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

9  set aside if the proper legal standards were not applied in weighing the evidence and

10  making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

11  432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

12  administrative findings, or if there is conflicting evidence that will support a finding

13  of either disability or non-disability, the finding of the Commissioner is conclusive.

14  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

15  **C.    Commissioner's Decision**

16       The ALJ determined that Plaintiff had not engaged in substantial gainful

17  activity since October 4, 1988 (the alleged onset date) and had not attained the age

18  of 22 as of the alleged onset date (which, in fact, is Plaintiff's date of birth). (T at

19  25).  The ALJ found that Plaintiff's attention deficit hyperactivity disorder (ADHD),

20

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

obsessive compulsive disorder (OCD) and Asperser's Syndrome were "severe" impairments under the Act. (Tr. 25).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 26).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that we was limited to simple repetitive tasks, no high production quotes, only occasional interaction with supervisors and co-workers, and no public contact. (T at 28).

The ALJ found that Plaintiff had no past relevant work. (T at 33). Considering Plaintiff's age, education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 34).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from October 24, 1988 (the alleged onset date) through January 27, 2014 (the date of the ALJ's decision). (T at 35). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

**D.     Disputed Issues**

Plaintiff offers two (2) arguments in support of his claim that the Commissioner's decision should be reversed.  First, he contends that the ALJ did not properly weigh the medical opinion evidence.   Second, Plaintiff challenges the ALJ's credibility determination.  This Court will address both arguments in turn.

## IV. ANALYSIS

**A.     Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non:-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's

medical opinion.  For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In this case, the record contains several assessments from treating and examining providers.  This Court will summarize each assessment and then discuss the ALJ's consideration of those assessments.

### 1.      Dr. Allyn

On November 26, 2012, Dr. David Allyn, Plaintiff's treating physician, prepared a letter in which he advised that he was treating Plaintiff for pervasive developmental disorder NOS and other psychiatric conditions.  Dr. Allyn opined

1    that, due to the severity of Plaintiff's condition, he is "unable to work, be self-

2    supportive, or live independently, and qualifies for disability benefits." (T at 412).

3         The ALJ gave "little weight" to this opinion, finding it contradicted by the

4    "conservative, routine" treatment history and the assessments of the consultative

5    examiners and non-examining State Agency review consultants. (T at 32).

6         **2.      Dr. Lane**

7         In September of 2012, Dr. Lewis Lane, Plaintiff's treating psychiatrist, wrote

8    a short note, wherein he expressed his support of Plaintiff's application for disability

9    benefits. (T at 403).

10        In October of 2012, Dr. Lane completed a psychiatric/psychological

11   questionnaire, when he reported treating Plaintiff since September of 2005.  Dr.

12   Lane diagnosed Asperser's disorder, OCD, and ADHD. (T at 337).  He assigned a

13   Global Assessment of Functioning ("GAF") score[2] of 35 (T at 337). "A GAF score

14   of 31-40 indicates some impairment in reality testing or communication (e.g., speech

15   is at times illogical, obscure, or irrelevant) or major impairment in several areas such

16   as work or school, family relations, judgment, thinking or mood." *Tagin v. Astrue*,

17

18   _____

19   [2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to
reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

20

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

No. 11-cv-05120, 2011 U.S. Dist. LEXIS 136237 at *8 n.1 (W.D.Wa. Nov. 28, 2011)(citations omitted).

Dr. Lane described Plaintiff's symptoms as worry, rumination, anxious mood, lability, emotional oddities of thought, compulsive rituals, and persistent irrational fears. Dr. Lane reported that these symptoms occur on a daily basis and are severe in nature. (T at 340). Dr. Lane assessed marked limitation with regard to Plaintiff's ability to remember locations and work-like procedures and mild limitation as to his ability to remember and understand one or two step instructions. (T at 341). He opined that Plaintiff would have moderate limitation with respect to carrying out simple, one or two step instructions; marked limitation with regard to maintaining attention and concentration for extended periods; and marked limitation as to sustaining an ordinary routine without supervision, performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerance. (T at 341).

Dr. Lane also found marked limitation as to Plaintiff's ability to work in coordination with or proximity to others without being unduly distracted by them, make simple work-related decisions, and complete a normal workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and period of rest periods. (T at 341-42). Dr. Lane

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

assessed marked limitation as to all aspects of Plaintiff's social interaction skills and ability to adapt to the work environment. (T at 342, 344).

Dr. Lane noted that Plaintiff's mood shifts quickly, leading to temper/impulse control issues. (T at 344). He opined that Plaintiff was not a malingerer and was not capable of even "low stress" work. (T at 346). Dr. Lane concluded that Plaintiff's impairment began at age 4 and prevented him from working. (T at 348).

The ALJ gave "little weight" to Dr. Lane's opinion, finding it inconsistent with the "conservative, routine" treatment history and the assessments of the consultative examiners and non-examining State Agency review consultants. (T at 32).

### 3.        Dr. Carlin

In July of 2012, Dr. Lorna Carlin performed a consultative psychiatric evaluation. Dr. Carlin noted that Plaintiff was single and living with his father and sister. (T at 325). Plaintiff completed high school (with special education classes) and attended community college. (T at 326). Dr. Carlin described Plaintiff as cooperative, with no obvious psychomotor agitation. He appeared genuine and truthful, with no evidence of exaggeration or manipulation; his thought processes were coherent and organized; his affect was appropriate; tests of memory and concentration were normal; insight and judgment appeared to be intact. (T at 328).

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

Dr. Carlin diagnosed ADHD, OCD, Asperser's syndrome, and selachophobia (fear of sharks).  She assigned a GAF score of 65 (T at 329). "A GAF of 61-70 indicates '[s]ome mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.'" *Tagger v. Astrue*, 536 F. Supp. 2d 1170, 1174 n.8 (C.D. Cal. 2008).

Dr. Carlin opined that Plaintiff could understand, remember, and carry out simple one or two step directions, as well as detailed and complex commands. (T at 329).  She assessed mild limitation with regard to Plaintiff's ability to relate and interact with co-workers and the public; mild-to-moderate limitation as to Plaintiff's ability to maintain concentration, attention, persistence, and pace; no significant limitation with regard to accepting instructions or performing work activities without special or additional supervision; and moderate limitation with respect to maintaining regular attendance in the workplace and performing work activities on a consistent basis. (T at 330).

Dr. Carlin concluded that Plaintiff's ability to maintain attendance and perform work activities would "depend largely on the type of workplace and the

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

1  level of stress." (T at 330).  She also noted that Plaintiff's phobias and behaviors

2  "may create issues in a workplace." (T at 330).

3         The ALJ afforded "great weight" to Dr. Carlin's opinion, noting that Dr.

4  Carlin is Board certified in psychiatry and neurology and is familiar with Social

5  Security disability guidelines.  The ALJ found Dr. Carlin's opinion consistent with

6  the overall medical record. (T at 31).

7         **4.      Dr. Silva**

8         Dr. Delia Silva performed a consultative examination in November of 2013.

9  She diagnosed autistic disorder, OCD, panic disorder without agoraphobia, and

10  social phobia, generalized. (T at 450). She assigned a GAF of 35, which (as noted

11  above) is indicative of major impairment. (T at 450).  Dr. Silva described Plaintiff's

12  prognosis as "poor." (T at 452).  She assessed mild limitation as to Plaintiff's ability

13  to remember locations and work-like procedures; no limitation with regard to

14  carrying out simple one or two-step instructions; and moderate limitation as to

15  maintaining attention and concentration for extended periods. (T at 455).

16         Dr. Silva opined that Plaintiff would have marked limitation with respect to

17  performing activities within a schedule, maintaining regular attendance, being

18  punctual within customary tolerances, sustaining an ordinary routine without

19  supervisions, and working in coordination with or proximity to others without being

20

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

unduly distracted by them. (T at 455).  She also assessed marked limitation with regard to making simple work-related decisions, completing a normal workweek without interruptions from psychologically-based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods. (T at 456).  Dr. Silva opined that Plaintiff would have marked limitation with respect to his ability to respond appropriately to changes in the work setting. (T at 457).

Dr. Silva does not believe Plaintiff is a malingerer and concluded that he was incapable of even "low stress" employment. (T at 458).  She opined that he would likely be absent from work more than 3 times per month due to his impairments or treatment. (T at 459).

The ALJ gave "little weight" to Dr. Silva's opinion. (T at 32).  He found the opinion inconsistent with the medical evidence. (T at 32).  In addition, the ALJ discounted Dr. Silva's assessment because she was retained by Plaintiff's counsel. The ALJ dismissed Dr. Silva's opinion, finding that the doctor "ha[d] an inherent bias as a 'hired gun.'" (Tat 33).

### 5.      Dr. McGee

Dr. Halimah McGee performed a consultative examination in March of 2013. Dr. McGee diagnosed ADHD, OCD, and Asperser's Syndrome. (T at 419).  Dr. McGee opined that Plaintiff could learn a routine, repetitive skill, could function in a

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

regular job setting without additional behavioral controls, and could maintain regular attendance. (T at 420).  Dr. McGee also concluded that Plaintiff could maintain a regular work schedule, adjust to change, and concentrate adequately. (T at 420).  The ALJ gave "great weight" to Dr. McGee's opinion. (T at 31).

### 6.     State Agency Review Physicians

Two non-examining State Agency review physicians (Dr. H. Amado and Dr. H. Skopec) performed reviews and provided assessments in August 2012 and April 2013, respectively.  Both opined that Plaintiff had moderate restriction with regard to activities of daily living; maintaining social functioning; and maintaining concentration, persistence, or pace. (T at 68, 81, 83-84).  They found Plaintiff limited to tasks involving simple instructions and concluded that he would need to avoid intense or prolonged interpersonal interactions, but that he could adapt to routine changes in the work setting. (T at 68-71, 84-85).  The ALJ gave "great weight" to these assessments, finding them consistent with the medical record. (T at 30).

### 7.     Discussion

For the reasons that follow, this Court finds that the ALJ's consideration of the medical opinion evidence was materially flawed and not supported by substantial evidence.

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

### a.    "Conservative" Treatment

The ALJ repeatedly discounted medical opinions, including assessments from treating providers (Dr. Allyn and Dr. Lane), on the grounds that they were inconsistent with the "conservative" treatment history.

Although this is generally a sufficient basis on which to discount a restrictive opinion, that is not the case here.  Plaintiff was seen approximately once a month and treated with several medications, including lorazapam, clonazepam, and citalopram. (T at 29).

In describing this treatment as "conservative," the ALJ seems to suggest that some additional interventions might have been expected if Plaintiff's impairments were as limiting as his treating providers' believed.  However, the ALJ did not identify what additional treatment (i.e. beyond medication and counseling) he would have expected Plaintiff to receive for his long-standing (and apparently life-long) mental health impairments.  This was error.  The record indicates that Plaintiff's symptoms are relatively well-managed with medication, counseling, and family support, but that, in the opinion of both treating providers and a consultative examiner, Plaintiff could not meet the mental demands of work activity, in particular with regard to managing work stress and maintaining a regular schedule.  (T at 346, 312, 403, 458).   The ALJ does not indicate what additional, alleged "more

18

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

aggressive" treatment would be expected under the circumstances.  It was thus error for the ALJ to characterize the treatment history as "conservative" and then discount the opinions of treating providers on that basis.  *See Perez v. Colvin*, No EDCV 14-2626, 2016 U.S. Dist. LEXIS 44230, at *17 (C.D. Cal. Mar. 31, 2016)("The ALJ cannot fault Plaintiff for failing to pursue nonconservative treatment options if none existed.")(citing *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010)).

### b.     Non-Compliance with Treatment

The ALJ noted that Plaintiff was occasionally non-compliant with medications and inconsistent in seeking treatment.  (T at 30).  However, the ALJ does not appear to have considered the fact that Plaintiff's mental health impairments themselves might have limited his apply to attend to and comply with treatment.  Indeed, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996)(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)).  In addition, as noted above, the ALJ does not explain why more consistent treatment would have rendered Plaintiff capable of performing work activities, including (in particular) managing stress.

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

1

### c.      Wax and Wane of Symptoms

2      The ALJ discounted the assessments from Dr. Allyn, Dr. Lane, and Dr. Silva

3 based on evidence that Plaintiff experienced some improvement in his symptoms

4 when he was compliant with his medication.  (T at 29-30).  However, the fact that

5 Plaintiff's symptoms improved to the point where he could perform basic activities

6 in a supportive setting (i.e. living with his father and sister) is of limited probative

7 value.  Dr. Lane (a treating provider), Dr. Carlin (a consultative examiner), and Dr.

8 Silva (a consultative examiner) all expressed concern about Plaintiff's ability to

9 manage work stress and handle changes in a work setting. (T at 341-42, 330, 455-

10 59).

11      Individuals with chronic mental health problems "commonly have their lives

12 structured to minimize stress and reduce their signs and symptoms." *Courneya v.*

13 *Colvin*, No. CV-12-5044, 2013 U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A.

14 Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)).

15      Indeed, the Ninth Circuit has cautioned against relying too heavily on the

16 "wax and wane" of symptoms in the course of mental health treatment. *See Garrison*

17 *v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).  "Cycles of improvement and

18 debilitating symptoms are a common occurrence, and in such circumstances it is

19 error for an ALJ to pick out a few isolated instances of improvement over a period of

20

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

1   months or years and to treat them as a basis for concluding a claimant is capable of

2   working." *Id.*; *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)

3   ("[The treating physician's] statements must be read in context of the overall

4   diagnostic picture he draws. That a person who suffers from severe panic attacks,

5   anxiety, and depression makes some improvement does not mean that the person's

6   impairments no longer seriously affect her ability to function in a workplace.").

7        In particular, the ALJ must interpret evidence of improvement "with an

8   awareness that improved functioning while being treated and while limiting

9   environmental stressors does not always mean that a claimant can function

10  effectively in a workplace." *Id.*

11       Here, there is no indication the ALJ was mindful of these considerations.  In

12  fact, the ALJ placed heavy emphasis on Plaintiff's modest ability to function with

13  medication in the absence of work demands and stress.  The ALJ erred by placing

14  such heavy reliance on this fact and by failing to exercise the caution mandated by

15  applicable Ninth Circuit case law.

16              **d.       Dr. Silva**

17       The ALJ also erred in his consideration of Dr. Silva's assessment, which

18  included a comprehensive review and summary of Plaintiff's records, a mental status

19  examination, clinical testing, and detailed summary with recommendations. (T at

20

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

442-59). The ALJ dismissed Dr. Silva as an inherently biased "hired gun" because she was retained by Plaintiff's counsel. (T at 33).   This was clear error.   "The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them," unless there is additional evidence demonstrating impropriety on the part of the consulting physician; the ALJ identified no such evidence. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995); *see also Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998).  Dr. Silva's highly detailed assessment was also consistent with the opinions of both treating providers (Dr. Allyn and Dr. Lane).  This should have been considered carefully before Dr. Silva's assessment was dismissed as the opinion of a "hired gun."

### e.        Dr. Carlin

The ALJ erred in his consideration of Dr. Carlin's assessment.  Dr. Carlin (a consultative examiner) generally concluded that Plaintiff could perform the mental demands of basic work activity.  However, Dr. Carlin also opined that Plaintiff's ability to maintain attendance and perform work activities would "depend largely on the type of workplace and the level of stress." (T at 330).  She also noted that Plaintiff's phobias and behaviors "may create issues in a workplace." (T at 330).

The ALJ afforded "great weight" to Dr. Carlin's opinion (T at 31), but did not incorporate the concerns she raised about Plaintiff's ability to handle stress in the

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

RFC assessment; nor did the ALJ explain why he did not accept this aspect of the consultative examiner's opinion.

This was a significant omission, given that Dr. Lane (a treating provider) and Dr. Silva (another consultative examiner) both assessed significant limitations with regard to Plaintiff's ability to handle work stress (T at 346, 458).

Stress is "highly individualized" and a person with a mental health impairment "may have difficulty meeting the requirements of even so-called 'low-stress' jobs." SSR 85-15.  As such, the issue of stress must be carefully considered and "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." *Id*.; se*e also Perkins v. Astrue*, No. CV 12-0634, 2012 U.S. Dist. LEXIS 144871, at *5 (C.D.Ca. Oct. 5, 2012).  Here, the ALJ failed to adequately address the concerns raised by the treating psychiatrist and two consultative examiners regarding Plaintiff's ability to manage work stress.

### f.    Dr. Lane

The ALJ was obliged to carefully consider the opinion of Dr. Lane, a psychiatrist who had treated Plaintiff for nearly seven (7) years at the time of his assessment. (T at 337).  The ALJ offered the following reasons for giving little weight to Dr. Lane's opinion:  (1) Dr. Lane's opinion was "not consistent with the

1  medical … record as a whole, which shows conservative, routine treatment with

2  medications;" (2) Dr. Lane's opinion was contradicted by consultative examiner

3  findings; (3) Dr. Lane's opinion was inconsistent with the findings of the non-

4  examining State Agency review consultants; and (4) Dr. Lane was not familiar with

5  the Social Security Administration's precise disability guidelines. (T at 32).

6       These reasons were not sufficient.  First, as discussed above, the ALJ's

7  "conservative treatment" rationale was inadequate, particularly because it is not clear

8  what additional treatment Plaintiff would have been expected to receive for his

9  mental health impairments (beyond the counseling and medication management he

10 received).

11      Second, although Dr. Lane's opinion was contradicted by one consultative

12 examiner's assessment (Dr. McGee), it was consistent with the conclusions of Dr.

13 Silva, whose opinion the ALJ improperly dismissed (as discussed above).

14 Moreover, Dr. Lane opined that Plaintiff had "poor stress management skills" and

15 was incapable of even "low stress" work. (T at 346).  Dr. Carlin, whose opinion the

16 ALJ afforded "great weight," likewise expressed concern about Plaintiff's ability to

17 manage stress. (T at 330).  The ALJ discounted Dr. Lane's opinion as inconsistent

18 with the consultative examiner opinions, but failed to address the support provided

19

20

1  by Dr. Carlin for the concerns Dr. Lane noted regarding Plaintiff's ability to manage

2  stress.

3        Third, although the non-examining State Agency review physicians rendered

4  opinions that contradicted Dr. Lane's assessment, this is not a sufficient reason for

5  rejecting the treating psychiatrist's conclusions.  The rejection of an examining or

6  treating physician opinion based on the assessment of a non-examining medical

7  consultant may be proper, but only where there are sufficient reasons to reject the

8  treating/examining physician opinion independent of the non-examining physician's

9  opinion. *See e.g., Lester*, 81 F.3d at 831; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir.

10  1995).  As discussed above, the reasons cited by the ALJ for accepting the non-

11  treating physicians' opinions were not sufficient.

12        Fourth, the ALJ's finding that Dr. Lane was not familiar with Social Security

13  Administration's precise disability guidelines was not a sufficient basis on which to

14  discount the opinion.  Even if Dr. Lane is not familiar with the disability guidelines,

15  he his undoubtedly familiar with Plaintiff, as their treating relationship lasted nearly

16  7 years.  Moreover, there appears to be no question that Dr. Lane had sufficient

17  experience and qualifications to opinion as to the nature and extent of Plaintiff's

18  mental health limitations.  It is not clear why any alleged unfamiliarity Dr. Lane

19  might have regarding the technical aspects of Social Security guidelines would

20

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

provide any significant reason to discount his assessment of Plaintiff's work-related functional limitations, particularly where that assessment is supported by the opinions of another treating provider (Dr. Allyn) and a consultative examiner (Dr. Silva).

In sum, the record contains a detailed assessment from a psychiatrist with a lengthy treating history with the claimant.  The assessment is supported by the opinion of Plaintiff's treating physician (Dr. Allyn) and a consultative examiner (Dr. Silva).  The treating psychiatrist expressed serious concern about Plaintiff's ability to manage stress; this concern was shared by another consultative examiner (Dr. Carlin), whose opinion was given "great weight" by the ALJ.  As discussed above, the reasons provided by the ALJ for discounting Dr. Lane's opinion were inadequate.  Thus, the ALJ's assessment of the medical opinion evidence was flawed and cannot be sustained.

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: At the time of the administrative hearing, he was enrolled at Saddleback College, pursuing an Associate's degree. He has never had a job. (T at 44). He was considering applying for a job at Wal-Mart. (T at 45). He lives with his father and sister. (T at 45). His mother mentally abused him. (T at 46). He is only able to take one class per semester and dropped that course this semester. (T at 48-49). He interacts with his family members, a classmate, and members of a Buddhist organization. (T at 51). He does not have a driver's license. (T at 53). He has a hard time following directions; he can perform simple instructions, but can mishear directions. (T at 53). He is very fearful of

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

sharks and experiences anxiety about sharks in unusual places, such as the shower. (T at 55).   He has thoughts and fears about the end of the human race.   He uses rituals to address his anxiety. (T at 57-58).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 29).

This Court finds that the ALJ's decision to discount Plaintiff's credibility is not supported by substantial evidence.   First, the ALJ cited Plaintiff's "conservative" treatment history.   This rationale fails for the reasons discussed above; namely, short of psychiatric hospitalizations, it is not clear what additional treatment Plaintiff should have received.   Second, the ALJ found large "treatment gaps."   However, as noted above, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996)(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)).   Moreover, as discussed above, the record indicates that Plaintiff's symptoms are relatively well-managed with medication, counseling, and family support, but that Plaintiff cannot meet the mental demands of work activity, in

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

particular with regard to managing work stress and maintaining a regular schedule. (T at 346, 312, 403, 458).

Third, the ALJ noted that Plaintiff experienced some periods of relative improvement with medication and could engage in some activities of daily living. However, as noted above, the ALJ failed to account for the "wax and wane" of psychiatric symptoms.  This was a particularly significant omission because the record contains several medical opinions (from treating and examining providers) to the effect that Plaintiff would have difficulty managing work stress.  (T at 330, 346, 458).

Indeed, recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

1  deplorable, feature of opinions by administrative law judges in social security

2  disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016

3  (9th Cir. 2014)).

4       Fourth, Plaintiff's testimony regarding his limitations is supported by the

5  findings of two treating physicians and a consultative examiner (Dr. Allyn, Dr.

6  Silva, and Dr. Lane).   (T at 342-44, 412, 455-57).   In addition, Dr. Carlin, a

7  consultative examiner given "great weight" by the ALJ, also expressed concern

8  about Plaintiff's ability to manage stress. (T at 330). As discussed above, the ALJ

9  did not properly weight these medical opinions, which further undermine the

10  decision to discount Plaintiff's credibility.

11  **C.   Remand**

12       In a case where the ALJ's determination is not supported by substantial

13  evidence or is tainted by legal error, the court may remand for additional

14  proceedings or an immediate award of benefits. Remand for additional proceedings

15  is proper where (1) outstanding issues must be resolved, and (2) it is not clear from

16  the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379

17  F.3d 587, 593 (9th Cir. 2004).

18       In contrast, an award of benefits may be directed where the record has been

19  fully developed and where further administrative proceedings would serve no useful

20

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).   Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1401 (9th Cir.1988)).

In the present case, both treating providers (Dr. Allyn and Dr. Lane) opined that Plaintiff was unable to maintain employment. (T at 342-46, 412).   Dr. Lane, a treating psychiatrist with an extended treating relationship, assessed marked limitations and an inability to handle even low stress work. (T at 342-46).   These assessments were supported by the detailed report and findings of Dr. Silva, a consultative examiner. (T at 455-58).   Dr. Calin, a consultative examiner given "great weight" by the ALJ, expressed concern about Plaintiff's ability to handle stress. (T at 330).   As discussed above, the ALJ failed to provide legally sufficient reasons for discounting this evidence, which, if credited, clearly establish that Plaintiff is disabled.   Accordingly, this Court finds that a remand for calculation of benefits is the appropriate remedy.

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB

1

2

**V. ORDERS**

3

IT IS THEREFORE ORDERED that:

4

Judgment be entered REVERSING the Commissioner's decision and

5

REMANDING this case for calculation of benefits; and

6

The Clerk of the Court shall file this Decision and Order, serve copies upon

7

counsel for the parties, and CLOSE this case, without prejudice to a timely

8

application for attorneys' fees.

9

DATED this 15th day of June, 2016,

10

/s/Victor E. Bianchini
VICTOR E. BIANCHINI

11

UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

32

DECISION AND ORDER – DIPIETRO v COLVIN 8:15-CV-01374-VEB